UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH FINAZZO,

        Plaintiff,

                                Case No. 11-CV-14770

v.                               HON. GEORGE CARAM STEEH

SPEEDWAY LLC,

        Defendant.

_____/

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#11)

This premises liability action arises out of the slip and fall of Judith Finazzo at a Speedway convenience store. Plaintiff, a resident of Michigan, filed this action in Macomb County Circuit Court. Defendant, a Delaware limited liability company, removed the case pursuant to 28 U.S.C. § 1332(a) and 1441(a). Because this suit sits in diversity, Michigan substantive law applies. Defendant filed a motion for summary judgment, which has been fully briefed. Oral argument was held on July 2, 2012. Plaintiff's claims fail for the reasons stated below, and defendant's motion for summary judgment is GRANTED.

*FACTUAL BACKGROUND*

On February 6, 2011, Judith Finazzo stopped at defendant's convenience store in Warren, Michigan, to purchase a coffee and cigarettes. It was a "nasty" winter day, and wet floor signs had been posted at both store entrances. (Pl.'s Dep. 17, Pl.'s Exhibit A1). At 5:10 PM, Finazzo entered the store, passed one of the wet floor signs, and took several steps toward the coffee machine before slipping and falling on an accumulation of what is

-1-

presumed to have been water on the floor. (See Pl.'s Exhibits A6 and A7). Plaintiff was taken to the hospital, where she was diagnosed with a "broken wrist" requiring surgery and physical therapy, as well as injuries to her left shoulder. (Pl.'s Dep. 32-37). As a consequence of these injuries, Finazzo brought this premises liability negligence suit. Defendant has moved for summary judgment, arguing that it owed no duty to plaintiff because the danger associated with the wet floor was, as a matter of law, open and obvious.

## *STANDARD FOR SUMMARY JUDGMENT*

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. 247-48 (emphasis in original).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. Id.

*ANALYSIS*

*I. Premises Liability & Legal Duty*

To set forth a negligence claim, a plaintiff must show: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the defendant's breach was a proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. Spikes v. Banks, 231 Mich. App. 341, 355 (1998). The threshold inquiry in establishing a premises liability action is whether the premises owner owes the plaintiff a legal duty, which is a question of law for the court. Cudney v. Sears, Roebuck and Co., 21 Fed. Appx. 424, 428 (6th Cir. 2001). As a business, it is Speedway's duty to "maintain its property in a reasonably safe condition and . . . exercise due care to protect invitees from conditions that might result in injury." Id.

However, Michigan has carved out an exception to this rule. The open and obvious doctrine relieves property owners of the duty to protect invitees from dangers that are (1) open and obvious, and (2) not unreasonably dangerous. See Lugo v. Ameritech Corp., 464 Mich. 512, 517 (2001) ("[T]he general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk."). Here, defendant argues that the accumulation of water on the floor, marked by a wet floor sign, was open and obvious such that it did not owe a legal duty to Finazzo.

*II. Open & Obvious Doctrine*

 *A. Open & Obvious*

Even with the evidence viewed in the light most favorable to the plaintiff, the risk associated with the wet floor on which she fell was open and obvious. In wet weather, a wet floor can constitute an open and obvious condition because "a reasonable person would likely be aware that there may be water on the floor inside a building as a result of the opening of the outer doors during the rain by persons entering and leaving the building, as well as people tracking it in on their shoes or having it drip from off their person." Shah v. Bon Ton Dept. Stores, No. 000074, 2011 WL 6793706 at *1 (Mich. Ct. App. 2011). Such was the case here, as the weather "was nasty . . . [with a] rainy kind of a snow." (Pl.'s Dep. 17). Further, plaintiff admitted that she "would have seen" the accumulation of water if she had been looking, and that her pants were "soaking" after the fall because of the large quantity of water upon which she slipped. (Pl.'s Dep. 22). Such after-the-fact testimony

has been used to establish that a wet floor was, as a matter of law, open and obvious. Kennedy v. Great Atlantic & Pacific Tea Co., 274 Mich. App. 710, 714 (2007).

Regardless of whether the wet floor itself was an open and obvious condition, the wet floor signs posted at each store entrance to warn customers of a potential risk certainly were. (Def.'s Exhibit B, Pl.'s Exhibit A). The proper display of a wet floor sign makes the danger associated with a wet floor open and obvious as a matter of law, and is in fact why such signs are used. See Maness v. Carlton Pharmacy, No. 271581, 2007 WL 1575255 at *4 (Mich. Ct. App. May 31, 2007), vacated in part on other grounds by Maness v. Carlton Pharmacy, 480 Mich. 1100 (2008).

Plaintiff argues that her view of the sign was obstructed by another customer at the moment she entered the store, rendering the warning ineffective. However, this is refuted by security camera footage showing the allegedly view-obstructing customer to have stepped away from the sign just before the plaintiff entered the store. (Pl.'s Exhibit A-3 through A-5). The fact that the plaintiff did not see the sign also ignores the objective nature of the open and obvious doctrine, which asks not whether a risk was obvious to a particular plaintiff, but whether it is reasonable to expect that an "average person with ordinary intelligence would have been able to discover [it] upon casual inspection." Novotney v. Burger King Corp., 198 Mich. App. 470, 475 (1993).

The Michigan Supreme Court, applying this objective test, determined that a pothole was an open and obvious danger, even though the distracted plaintiff was subjectively unaware of it. Lugo, 464 Mich. at 512. In another slip and fall case, the Court reversed the decision of the appellate court which had found that a fact question existed precluding summary judgment for defendant. Kenny v. Kaatz Funeral Home, 472 Mich. 929 (2005).

In doing so, the Court relied upon the reasoning articulated in the dissent, 264 Mich. App. 99,119-120, which included an admonishment that the appellate majority inappropriately focused on "the plaintiff's subjective knowledge of the condition, rather than whether an average user [an objective standard] with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection."  Here, the evidence establishes a lack of genuine factual dispute as to whether the wet floor sign was objectively visible to an average person of ordinary intelligence upon casual inspection. That the plaintiff subjectively failed to see it is insignificant.

In response, plaintiff relies on a case in which the Michigan Court of Appeals found that "a genuine issue of material fact exists with respect to whether the wet condition of defendant's floor was open and obvious." Bialick v. Megan Mary, Inc., 286 Mich. App. 359, 363 (2009).  However, this is unpersuasive because crucial to that court's decision was a genuine dispute over whether the defendant had placed a wet floor sign or done anything to objectively warn customers of the potential risk posed by the wet floor. Id. at 360-361. This case, in which it is undisputed that the defendant took just these steps, is thus distinguishable.

### B. Unreasonably Dangerous

Because the danger associated with the wet floor was open and obvious, the defendant owed a duty to protect Finazzo only if "special aspects" of the wet floor made it "unreasonably dangerous." Lugo, 464 Mich. at 517.  Such aspects exist when the danger is "effectively unavoidable" or "impose[s] an unreasonably high risk of severe harm." Id. at 518.  Here, neither scenario exists.

The risk associated with a wet floor does not impose a high risk of severe harm, as it is not uniquely severe and does not involve an especially high likelihood of injury. It is just the sort of harm, posing no danger to "ordinarily prudent customers," that the Michigan Supreme Court has held to be outside the unreasonably dangerous category. Bertrand v. Alan Ford, 449 Mich. 606, 615 (1995).

Similarly, the risk was avoidable. The Michigan Court of Appeals held that when the plaintiff "could have used an available, alternative route to avoid the [danger]," that danger is not unavoidable. Joyce v. Rubin, 249 Mich. App. 231, 242 (2002). The evidence establishes the existence of alternate paths that the plaintiff could have taken to the coffee machine that would have avoided the risk posed by the wet floor. Thus, it was not the type of unavoidable danger as to negate the open and obvious doctrine.

Because the wet floor in the defendant's store was not unreasonably dangerous, the defendant owed no duty to the plaintiff regarding the open and obvious risk it potentially posed. Yet, even assuming that the risk was unreasonably dangerous, the defendant then owes a duty only to "protect or warn" its business invitees from that danger. Riddle v. McLouth Steel Products Corp., 440 Mich. 85, 96 (1992). Because the defendant did just this by posting a wet floor sign at the store entrance, there would still be no breach of legal duty.

*Conclusion*

While the plaintiff's situation is unfortunate, it is difficult to imagine what more the defendant could have done to warn customers of the risk posed by the wet floor. The warning sign made the danger associated with the wet floor objectively open and obvious, and it is not relevant to the disposition of this matter whether plaintiff actually saw the wet

floor or the sign.  Rather, for plaintiff to have her claim survive the motion for summary judgment, she must come forth with sufficient evidence to create a genuine issue of material fact regarding whether an ordinary person upon casual inspection could have discovered the existence of either.  Plaintiff has not brought forth such facts. Thus, for the reasons set out above, the defendant's motion for summary judgment is GRANTED.

SO ORDERED.

Dated: September 11, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 11, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---